[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR NEW TRIAL
In this matter the defendant asks the court to grant him a new trial by way of a motion filed under the provisions of § 52-270
C.G.S. This section allows the court to grant a new trial upon the happening of certain specific events as well as "other reasonable cause". In this case the defendant claims that the discovery of certain information which came to light while the jury was deliberating the question of the defendant's guilt constitutes reasonable cause to grant his motion for a new trial.
The defendant's trial commenced with jury selection on May 2, 1994. This process continued to May 23, 1994, when testimony began with the state's evidence. The case proceeded to June 7, 1994 and following arguments and charge, the jury retired to commence their deliberations at 3:10 P.M. After about three hours deliberation including testimony read-backs, a verdict was returned on June 8, 1994 at 2:34 P.M. finding the defendant guilty on all four counts of the information. The information charged the defendant in the first count with Felony Murder, in the second count with Robbery in the First Degree, in the third count with Conspiracy to Commit Robbery in the First Degree, and lastly, in the fourth count with Criminal Attempt to Commit Assault First Degree. The foreperson of the jury was one Richard Gay who was selected as a juror on May 9, 1994, some fourteen days prior to commencement of the evidence and twenty-nine days prior to the finding of guilty as noted above.
The issue raised by the defendant in his motion for a new trial, which was filed prior to the sentencing of the defendant, is that the juror Richard Gay, who turned out to be the foreperson, had been involved in an incident about thirteen months prior to his selection as a juror and made no mention of it at any time during the process of jury selection or at any time thereafter. According to the testimony of Mr. Gay given in the course of the evidential CT Page 2643 hearing held by the court on September 19, 1994, he made no mention of this occurrence because he did not think it was relevant. "It had no bearing on anything." (Transcript, p. 31, September 19, 1994). And when asked if anybody he knew, family member, had ever been the victim of a crime, his response had been "No" because "a family member" "didn't mean me". (Transcript, p. 32). Had he been asked the specific question as to himself and any experience with being a victim of a crime, he would have answered differently. (Transcript, p. 41).
Evidence was offered by way of newspaper articles in the New Haven Register of May 1, 1993 (Defendant's Exhibit AA), and also contained in Mr. Gay's testimony, of an occurrence in which he was assaulted by a number of youths following an automobile accident in downtown New Haven in which he either was pulled out of his car or got out and was thereafter subjected to an assault which required overnight hospitalization. In a subsequent interview by a Register reporter he was quoted as saying that the law was easing up too much on these kids, they're not good for anything and the law should kick their ___. (Transcript, p. 18). The defendant in this case is a young black male residing in New Haven and in the opinion of the court would fit generally within the class of the individuals allegedly referred to by the defendant. These statements were denied by Mr. Gay in that he claimed not to recall specifically what he told the reporter but that he did recall wanting the police to investigate the incident. Mr. Gay also indicated (Transcript, p. 15) that he wanted the police to investigate because he had been "beat up", although he claimed not to remember the assault at the time of the hearing on this motion.
The question raised by the defendant in the face of this information is whether Mr. Gay should have disclosed this information as bearing upon his ability to be fair and impartial in sitting as a juror on this case. The states claims that no actual bias has been shown and that when asked the question whether any family member had been the victim of a crime, he truthfully answered as to others of the family, but because he was not specifically asked whether he had been a victim of a crime he had no duty to volunteer the incident of April 29, 1993, which observation the court has some difficulty in accepting.
It is true that our case law suggests that in order to succeed on a claim of bias, the defendant must raise his contention of bias from the realm of speculation to the realm of fact. State v.Almeda, 189 Conn. 303, 313. It is also true that Mr. Gay denies CT Page 2644 any feelings of bias and stated "I am fair". (Transcript, p. 42). It has also been noted that a venireperson's own assessment of his own bias or lack thereof may be untrustworthy for a variety of reasons. State v. Smith, 222 Conn. 1, 14.
The probability of bias is substantial when a juror has been victimized by the same type of crime. As a result of such a similar experience, bias may be conscious and the juror may attempt to persuade the other jurors that the defendant is guilty regardless of the evidence. More likely, however, the prior experience may cause unconscious bias. People v. Diaz,200 Cal.Rptr. 77, 152 Cal.App. 3rd 939.
"The right to jury trial guarantees (underlining mine) to the criminally accused a fair trial by a panel of impartial `indifferent' jurors." State v. Allen, 216 Conn. 367, 377.
In this case the defendant is not able to demonstrate actual bias but under State v. Almeda, cited supra, 313, the court may import bias from all of the surrounding facts and circumstances. The facts and circumstances brought to the court's attention in this matter suggest the requested disqualification of Mr. Gay as a juror is based upon something more than mere speculation.
In determining the competency of jurors to serve, which of necessity includes consideration of the juror's impartiality, the trial court is vested with wide discretion. State v. Allen, cited supra, 377.
Following the review of the background of this juror as brought out by the individual voir dire and the subsequent evidentiary hearing of September 19, 1994, the perception of the court is that this defendant was entitled to more candid responses to the questions posed to the venireman on voir dire and had those been given there is little question that on motion the court would have excused him from service. The perception as well as the actuality of a fair trial must be preserved in order that justice be done.
Accordingly, the petition for a new trial is granted.
George W. Ripley, Judge CT Page 2645